FILED

SEP 0 2 2005

_____
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| BERNARD MATHEW DARDEN, | \* | CIV 05-3021 |
|  | \* | CR 04-30018 |
| Petitioner, | \* |  |
|  | \* | OPINION AND ORDER |
| -vs- | \* |  |
|  | \* |  |
| UNITED STATES OF AMERICA, | \* |  |
|  | \* |  |
| Respondent. | \* |  |
|  | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He pleaded guilty to interstate domestic violence in violation of 18 U.S.C. § 2261(a)(2). He was sentenced on August 9, 2004, to 120 months custody followed by three years supervised release. Petitioner contends, without citation to any authority, that § 2261 has been abrogated as beyond Congress' power to enact and has been repealed. Petitioner further contends that I erred in applying an incorrect advisory Guideline. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The United States Supreme Court held in United States v. Morrison, 529 U.S. 598, 120 S.Ct. 1740, 146 L.Ed.2d 658 (2000), that the civil remedies provision of the Violence Against Women Act, 42 U.S.C. § 13981, was beyond Congress' power to enact. However, 18 U.S.C. § 2261 has not been abrogated or repealed.

Petitioner's motion as it relates to the sentencing issue is procedurally defaulted. Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742." A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the

waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner does not address the appeal waiver contained in his plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Petitioner does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Failure to raise the issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. <u>Reid v. United States</u>, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant fails to exercise his right to appeal, he has waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

It plainly appears from the face of the motion that the movant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the motion to vacate filed herein is dismissed.

Dated this 1st day of September, 2005.

BY THE COURT:

_Charles B Kornmann_

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _Barbara Baumberger_
DEPUTY
(SEAL)

2